**FILED**
**Mar 04, 2019**
**04:21 PM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| MAURICE FERGUSON, | ) | Docket No. 2017-08-0902 |
| Employee, | ) | |
| v. | ) | |
| TRANS CARRIERS, INC., | ) | State File No. 50683 2017 |
| Employer, | ) | |
| and | ) | |
| GREAT WEST CASUALTY CO., | ) | Judge Amber E. Luttrell |
| Carrier. | ) | |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This Court heard Trans Carriers, Inc.'s Motion for Summary Judgment on January 31, 2019, and for the reasons below, holds it is entitled to summary judgment.

### Claim History

Mr. Ferguson worked for Trans Carriers as an over-the-road truck driver. This claim arose out of a trip to San Antonio, Texas, when he reported mechanical issues with his truck, and the dispatcher instructed him to stay in a hotel for the weekend until the truck could be repaired. Mr. Ferguson did so and alleged an injury when he jumped from a second-floor window of his hotel room to allegedly avoid an assault.

Mr. Ferguson filed a Petition for Benefit Determination seeking medical and temporary disability benefits. At an Expedited Hearing, he related a lengthy series of unusual circumstances that he believed led to his injury. Those circumstances are explained in detail in the Expedited Hearing Order, where this Court concluded that Mr. Ferguson failed to come forward with sufficient evidence to show a likelihood of success at trial in establishing his injury arose primarily out of his employment. Specifically, the Court determined Mr. Ferguson presented no evidence of an assault or even an attempted assault. The Court also held that there was no evidence to show Mr. Ferguson was singled out for an assault because of his employment or that he was indiscriminately exposed to dangers from the public. Further, the Court held his actions leading up this injury were not consistent with his testimony that he was on "high alarm" and in actual

1

danger. Mr. Ferguson did not appeal the Expedited Hearing Order. Trans Carriers later filed its Motion for Summary Judgment, Memorandum in Support, and Statement of Undisputed Facts.

## Trans Carriers' Motion

Trans Carriers argued Mr. Ferguson cannot satisfy his burden of proving his injury arose primarily out of his employment. While it is undisputed that Mr. Ferguson was in Texas for work when he jumped from a second-story window of his hotel, it argued he cannot establish that his injury was caused or exacerbated by a hazard incident to his employment. Trans Carriers contended Mr. Ferguson presented no evidence of an assault, attempted assault, or actual danger that would require his jumping out of the window. Further, there was no evidence Mr. Ferguson was in actual danger because of his employment, or that Trans Carriers exposed him indiscriminately to the dangers of the public, as required under the street-risk doctrine.

Trans Carriers relied, in part, on the Affidavit of Efrain Lopez in support of its motion and argued it established affirmative evidence, which discredited Mr. Ferguson's account of his injury. In response, Mr. Ferguson filed only a single medical record previously introduced at the Expedited Hearing.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Trans Carriers must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Ferguson's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. *See* Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Trans Carriers is successful in meeting this burden, Mr. Ferguson must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye,* at 265.

Trans Carriers filed a Statement of Undisputed Facts containing thirteen statements. As Mr. Ferguson did not respond to the Statement of Undisputed Facts, the Court considers these facts undisputed.[1] The Court now turns to the issue of whether

---

[1] Tennessee Rule of Civil Procedure 56.03 provides that each statement of undisputed facts must be accompanied by a citation to the record. Rule 56.03 provides this requirement is "in order to assist the

under Rule 56 summary judgment is appropriate.

The Court finds Trans Carriers affirmatively negated an essential element of Mr. Ferguson's claim—that he was injured due to a compensable assault or attempted assault—through the affidavit testimony of Mr. Lopez. Trans Carriers further successfully demonstrated that Mr. Ferguson's evidence is insufficient to establish an injury arising primarily out of his employment.

In support of this holding, the undisputed facts show Mr. Ferguson alleged a gathering of men around the hotel caused him to fear for his life, and he was required to break the window of his second floor-room, and jump out, injuring his legs. However, the only witness to the injury, Mr. Lopez, testified that at the time Mr. Ferguson jumped from the window, there was no one else in the hotel window or around him after he landed in the parking lot. Mr. Ferguson did not communicate to Mr. Lopez that he was in danger from assault or that individuals were trying to break into his room before he jumped from the window. Finally, the undisputed proof shows there was no audio, video, or photographic evidence of any assault or attempted assault, and Mr. Ferguson never made any attempt to call police or change hotels on the date of his alleged injury. Based on these facts, Mr. Ferguson cannot establish the essential element of proving an injury arising primarily out of his employment.

In responding to Trans Carriers' motion, Mr. Ferguson must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in his favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015). Further, he must do more than simply offer hypothetical evidence; he must provide evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of his workers' compensation claim. *Id.* Here, Mr. Ferguson produced no material facts that could lead it to find in his favor. He did not submit any evidence in response to the Motion for Summary Judgment to establish that his injury arose primarily out of his employment. Instead, he submitted a September 14, 2017 medical record introduced as an exhibit at the Expedited Hearing, which documented follow-up treatment for a tibial fracture. He argued at the hearing that "the evidence presented is his evidence" and, "he has nothing more to say." The Court finds the medical record and Mr. Ferguson's argument are insufficient to create a material issue of fact for trial.

Accordingly, Trans Carriers' Motion for Summary Judgment is **granted**, and Mr. Ferguson's claim is dismissed with prejudice. The costs of this case of $150 are taxed to Trans Carriers under Tennessee Compilation Rules and Regulations Rule 0800-02-21-

Court in ascertaining whether there are any material facts in dispute." Tenn. R. Civ. P. 56.03. Five of Trans Carriers' statements of undisputed facts were not accompanied by a citation to the record; however, Mr. Ferguson did not object or file a response. Under these circumstances, the Court finds the parties agreed that no material facts are disputed, and it may consider the merits of Trans Carriers' motion.

.07, to be paid within five days of this order becoming final. Trans Carriers shall prepare and submit the SD-2 within ten days of the date of this order. Absent appeal, this order shall become final thirty days after entry.

**IT IS SO ORDERED.**

**ENTERED March 4, 2019.**

**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 4th day of March, 2019.

| Name | Certified Mail | First Class Mail | Email | Service sent to: |
|------|------|------|------|------|
| Maurice Ferguson, Employee | X | X | X | 1917 West 19th and Court Milwaukee, WI 53205 Mauriceferguson421975@gmail.com |
| Andrew Hebar, David Otten, Employer's Counsel | | | X | ahebar@wimberlylawson.com dotten@wimberlylawson.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4